**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL ROSENBERG, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY D/B/A MTA BRIDGES AND TUNNELS and THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY,<br><br>      Defendants. | Civil Action No.: 19-cv-10478<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Rosenberg ("Plaintiff"), through his undersigned attorneys, Bursor & Fisher, P.A., brings this Class Action Complaint against Defendants Triborough Bridge and Tunnel Authority d/b/a MTA Bridges and Tunnels ("TBTA") and The Port Authority of New York and New Jersey ("PANYNJ") (collectively, "Defendants"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys:

<u>**NATURE OF THE ACTION**</u>

1.   In direct violation of New York law, Defendants charge a $6 annual fee in order for their E-ZPass® New York ("E-ZPass")[1] customers to receive a monthly paper billing statement by mail.

2.   Indeed, a portion of Defendants' website states "Monthly statement by mail,

---

[1] E-ZPass is an electronic toll collection system used on tolled roads, bridges, and tunnels in New York.

annual fee $6.00:"[2]

| Monthly statement by mail, annual fee | $6.00 |

3.      By contrast, Defendants offer their customers monthly billing statements by email free of charge.

4.      Defendants' conduct is prohibited by New York General Business Law ("GBL") § 399-zzz, and therefore constitutes a deceptive act and practice under GBL § 349.

5.      Accordingly, Plaintiff brings this putative class action on behalf of himself and all other similarly situated New York residents and/or former residents, and seeks compensatory damages from both Defendants, and statutory damages and injunctive relief as to the TBTA only.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because Defendant TBTA is located in this District, and/or transacts business and/or has agents within this District.  Additionally, pursuant to N.Y. Uncon. Laws § 7106, Defendant PANYNJ has consented to this venue.

8.      On September 11, 2019, and within the time prescribed by law, Defendants were served with a Notice of Claim detailing Defendants' culpability and Plaintiff's damages, together with Plaintiff's settlement demand.  Defendants have failed and refused to make payment to Plaintiff in accordance with said Notice Claim ("**Exhibit A**") for more than sixty (60) days and

---

[2]  https://www.e-zpassny.com/en/about/terms_ind.shtml (last visited Nov. 5, 2019).

up to commencement of this action.  This action was commenced within the time provided by law.

      9.      On November 5, 2019, Paul Friman, Esq., in-house counsel for Defendant TBTA informed Plaintiff's counsel by telephone that the TBTA had rejected Plaintiff's Notice of Claim.

<h3 style="text-align:center"><u>PARTIES</u></h3>

      10.      Plaintiff Michael Rosenberg is a citizen of New York who resides in Brooklyn, New York.  For many years, Mr. Rosenberg has had an E-ZPass account with Defendants, and since at least 2016, Defendants have charged Mr. Rosenberg a fee to receive a paper billing statement, which Mr. Rosenberg paid.  A screenshot of the $6.00 fee to receive a paper billing statement from Mr. Rosenberg's August 29, 2019 billing statement is below:



11.    Defendant The Port Authority of New York & New Jersey is a joint venture between the states of New York and New Jersey, established through an interstate compact authorized by the United States Congress.  PANYNJ operates six bridges and tunnels that connect New York and New Jersey.

12.    Defendant Triborough Bridge and Tunnel Authority is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.  TBTA operates seven bridges and two tunnels in New York City.

## NEW YORK GENERAL BUSINESS LAW § 399-zzz

13.    Effective April 18, 2011, New York enacted GBL § 399-zzz, which provides that companies, like Defendants, shall not "charge a consumer an additional rate or fee … when the consumers chooses … [to] receive a paper billing statement."  GBL § 399-zzz(1).

14.    The statute provides that "[e]very violation of this section shall be deemed a deceptive act and practice subject to enforcement under article twenty-two-A of this chapter," i.e., GBL § 349.  *Id.* § 399-zzz(2) (emphasis added).

15.    As the New York Legislature found, "paper billing and payment fees unfairly impact consumers that do not have Internet access in their homes, as well as those that are uncomfortable using the Internet, including many senior citizens and those concerned about personal privacy."  *See* NY State Assembly Memorandum In Support of Legislation, attached as **Exhibit B**.

16.    Additionally, "[p]aper billing and payment fees disproportionately affect low-income consumers, who are less likely to have access to the Internet."  *Id.*

4

17.     "Furthermore, such policies impose an additional burden on those customers who choose to file their billing statements for later reference, as such customers will be forced to bear the cost of printing electronic billing statements on their home printer." *Id.*

## CLASS ACTION ALLEGATIONS

18.     Plaintiff seeks to represent a class defined as all New York residents or former residents who were charged a fee to receive a paper billing statement by Defendants.  Excluded from the Class is any entity in which Defendants have a controlling interest, and officers or directors of Defendants.

19.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

20.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  (a) whether Defendants charged their customers a fee in order to receive a paper billing statement; and (b) whether any such fee(s) constitutes a violation of GBL § 399-zzz.

21.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of Defendants' uniform wrongful conduct, based upon Defendants charging their customers a fee in order to receive a paper billing statement.

22.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

23.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
### Deceptive Acts Or Practices, New York GBL § 349
### (On Behalf Of The Class)

24.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

25.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

26.     By the acts and conduct alleged herein, Defendants committed deceptive acts and practices by charging their customers an additional fee in order to receive a paper billing statement.

27.     The foregoing deceptive acts and practices were directed at consumers.

28.     The foregoing deceptive acts and practices are misleading in a material way because they constitute an unlawful fee under GBL § 399-zzz.

29.     Plaintiff and members of the Class were injured because they were unlawfully charged an additional fee in order to receive a paper billing statement.  As a result, Plaintiff and members of the Class have been damaged in the full amount of fees they paid to Defendants in order to receive a paper billing statement.

30.     On behalf of himself and other members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars per violation, whichever is greater, three times actual damages, and reasonable attorneys' fees. Plaintiff seeks to recover only actual damages from PANYNJ.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the other Class members respectfully request that the Court:

A.     Certify the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Award damages, including compensatory, exemplary, statutory, incidental, consequential, actual, and punitive damages to Plaintiff and the Class in an amount to be determined at trial;

C.     Award Plaintiff and the Class their expenses and costs of the suit, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees;

D.     Grant restitution to Plaintiff and the Class and require Defendant to disgorge their ill-gotten gains;

E.     Permanently enjoin Defendants from engaging in the unlawful conduct set forth herein; and

F.      Grant any and all such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated:  November 12, 2019                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Philip L. Fraietta*
         Philip L. Fraietta

Philip L. Fraietta
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email:  fklorczyk@bursor.com

*Attorneys for Plaintiff*