

One Grand Central Place
60 East 42nd Street, 48th Floor
New York, New York 10165

Tel  212.689.8808
Fax  212.689.5101
www.hnrklaw.com

ilipton@hnrklaw.com

December 6, 2019

**VIA ECF**

Hon. Andrew L. Carter Jr.
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Rosenberg v. Triborough Bridge and Tunnel Authority* (No. 19-cv-10478)

Dear Judge Carter:

We represent Defendant Triborough Bridge and Tunnel Authority ("TBTA") in the above-captioned action. Pursuant to Rule 2 of Your Honor's Individual Practices, we write to outline TBTA's anticipated motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and to request a pre-motion conference.

This action is based on a single unavailing claim. Plaintiff is a user of the electronic toll system known as *E-ZPass*, and a customer of the New York E-ZPass Customer Service Center ("NYCSC") which is operated under the auspices of TBTA, the Port Authority of New York and New Jersey (together, with TBTA, "Defendants"), and the New York State Thruway Authority. With no basis in fact or law, Plaintiff claims that Defendants charge him and other NYCSC *E-ZPass* customers a $6 annual fee to receive a monthly paper billing statement by mail. According to Plaintiff, this fee violates New York General Business Law ("GBL") § 399-zzz, and therefore constitutes a deceptive and misleading act prohibited by GBL § 349.

Plaintiff's claim is deficient for several reasons. First, as a public benefit corporation that exercises governmental functions, TBTA is not subject to the provisions of GBL § 349 or § 399-zzz. Second, Plaintiff fails to state a claim under these statutes anyway. The charge Plaintiff complains of is not for a "billing statement" covered by GBL § 399-zzz and was not materially misleading since the charge was fully disclosed and contractually authorized. In addition, Plaintiff fails to contest a "consumer-oriented" transaction.

**I.   PLAINTIFF FAILS TO STATE A CLAIM UNDER GBL § 399-ZZZ**

**A.   TBTA is Not Subject to General Business Law § 399-zzz**

On its face, GBL § 399-zzz does not apply to TBTA. The statute applies only to a "person, partnership, corporation, association *or other business entity*." GBL § 399-zzz. The legislative history of GBL § 399-zzz confirms that "the purpose of this bill is to prohibit *businesses*" from imposing additional fees on a "*consumer* who chooses to receive paper billing statements or pay by United States mail." *See* Compl., Doc 1-2, Ex. B.



TBTA is not a business entity subject to GBL § 399-zzz. Rather, TBTA is a "public benefit corporation" (Public Authorities Law § 552), which, unlike a "business corporation," is "organized to construct or operate a public improvement ... the profits from which inure to the benefit of this or other states or the people thereof." General Construction Law § 66(4); *see also Kinkopf v. Triborough Bridge & Tunnel Authority*, 6 Misc.3d 73, 74 (App. Term 2004) (citing PAL § 566, and holding that TBTA was created "for the benefit of the People of the State of New York" for the purpose of "performing an essential governmental function in the exercise of the powers conferred upon it."). As a public benefit corporation, therefore, TBTA is not a "business entity" and as such, is not covered under the provisions of GBL § 399-zzz.

### B. Billing Statements are not Issued to NYCSC *E-ZPass* Customers

Wholly apart from the fact that TBTA is not a "business entity" and hence, not subject to GBL § 399-zzz, Plaintiff's particular claim is not covered by this statute anyway. GBL § 399-zzz prohibits certain persons and entities from "charg[ing] a consumer an additional rate or fee…when the consumer chooses to…receive a paper *billing statement*." GBL § 399-zzz(1) (emphasis added). The statute was enacted to prevent consumers without electronic access from having to pay a fee in order to pay their bills. *See* Compl., Ex. B. The document Plaintiff attaches to his pleading, however, is not a "billing statement" but rather a periodically issued account statement in response to which no payment is due. This distinction is fatal to Plaintiff's claim.

TBTA does not issue billing statements to NYCSC *E-ZPass* customers. The *E-ZPass* system operates generally through prepaid user accounts from which TBTA deducts applicable charges whenever incurred.[1] NYCSC *E-ZPass* customers are responsible for monitoring their account and maintaining a positive balance. If the account balance decreases below a certain point, customers must replenish their account to cover future charges. Replenishment is generally free, and NYCSC *E-ZPass* customers have the option of making their payment: (i) automatically or on an as-needed basis through their bank account; (ii) automatically or on an as-needed basis by credit or debit card; (iii) by mailed check; or (iv) in cash at an *E-ZPass* walk-in center or at a Visa ReadyLink location.[2] To assist NYCSC customers in monitoring their account balance, TBTA issues periodic account statements reflecting transactions over a reporting period and noting the account balance, whether positive or negative. See Compl., Doc. 1-1, Ex. A (noting a positive balance of $152.57). No payment is due in response to the account statements.[3]

NYCSC *E-ZPass* customers are issued account statements at no cost. Customers may opt for either emailed statements on a monthly basis, or paper statements on a bi-monthly basis. Customers who receive paper statements and who would prefer more frequent notification of

---

[1] TBTA also has a Pay Per Trip plan where customers can have each day's tolls paid with Automatic Clearing House ("ACH") withdrawals from their checking account.

[2] TBTA's customers can also use the MTA Cash Reload Card to replenish their E-ZPass account with cash at any store that participates in Visa ReadyLink. There is a reload fee with Visa ReadyLink.

[3] *See generally*, TBTA's E-ZPass Quick Guide and Customer Agreement Terms and Conditions, available at https://www.e-zpassny.com/en/about/i_guide.pdf, attached hereto as Exhibit 1.



their account activity may choose to receive those statements on a monthly basis, for a fee of $6 per year which covers some of the additional material and mailing costs. Ex. 1. Because no NYCSC *E-ZPass* customer is subject to a fee to receive paper "billing statements," and no customer is penalized for replenishing their *E-ZPass* account by U.S. mail, Plaintiff cannot make a claim under GBL § 399-zzz.

## II. PLAINTIFF FAILS TO STATE A CLAIM UNDER GBL § 349

Because TBTA did not engage in prohibited conduct under GBL § 399-zzz, Plaintiff's claim that TBTA's conduct constitutes a deceptive practice under GBL § 349 necessarily fails. However, even if Plaintiff were to assert a claim under GBL § 349 untethered to an alleged violation of § 399-zzz, his claim must still be dismissed.

### A. TBTA is Not Subject to GBL § 349

General Business Law § 349 provides that: "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful." New York courts have held explicitly that GBL § 349 does not authorize a claim against TBTA and other entities performing a governmental function. *See Kinkopf*, 6 Misc.3d at 74 (rejecting GBL § 349 claim, noting that "[a]s part of its governmental function, [TBTA] is authorized to set and collect tolls for the use of its facilities"); *see also Walton v. New York State Department of Correction*, 25 A.D.3d 999, 1002 (3d Dep't 2006), *affd*, 8 N.Y.3d 186 (2007) ("section 349…does not apply to a state administrative agency performing governmental functions …").

### B. Plaintiff Fails to Satisfy the Elements of a Claim under GBL § 349

To state a claim under GBL § 349, a plaintiff must allege that: "(1) the challenged transaction was consumer-oriented; (2) defendant engaged in deceptive or materially misleading acts or practices; and (3) plaintiff was injured by reason of defendant's deceptive or misleading conduct." *Farina v. Metropolitan Transp. Auth.*, __ F. Supp. 3d __, No. 18-cv-1433 (PKC), 2019 WL 3966163 at *25 (S.D.N.Y. Aug. 21, 2019), *quoting Denenberg v. Rosen*, 71 A.D.3d 187, 194 (1st Dep't 2010). Plaintiff cannot satisfy these elements. As a threshold matter, under GBL §349 a plaintiff must show that the challenged conduct is "consumer-oriented." *Id*. It is already settled that TBTA's system of collecting tolls for the use of its facilities is not a "consumer oriented transaction and therefore not subject to [GBL § 349]." *Farina*, 2019 WL 3966163 at *26, *citing Kinkopf*, 6 Misc.3d at 74.

Moreover, Plaintiff cannot plausibly allege that TBTA engaged in deceptive or materially misleading practices. Plaintiff acknowledges that TBTA's account statements disclose the challenged $6 fee. (Compl. ¶ 10). TBTA's *E-ZPass* Customer Agreement Terms and Conditions also expressly disclose the $6 administrative fee for NYCSC *E-ZPass* customers who elect to receive monthly, instead of bi-monthly, paper account statements. Ex. 1; *See Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 227 (S.D.N.Y. 2011) ("There can be no claim for deceptive acts or practices, however, when the alleged deceptive practice was fully disclosed."). Plaintiff thus fails to state a claim under GBL § 349.

Hon. Andrew L. Carter Jr.
December 6, 2019
Page 4



      We respectfully note that, pursuant to Rule 2 of Your Honor's Individual Practices, TBTA's present request for a pre-motion conference stays its deadline to answer or move to dismiss Plaintiff's complaint.

      We thank the Court for its attention to this matter.

Respectfully submitted,

Ira J. Lipton

cc: **VIA ECF**
*All Counsel of Record*